**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **PRIM SECURITIES, INC.,** ) | Case No. 1:06 CV 323 |
| ) | |
| Plaintiff, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **NASD DISPUTE RESOLUTION, et al.,** ) | |
| ) | |
| Defendants. ) | |

Before the Court is Defendants NASD Dispute Resolution, Inc.'s and Edward Siegel's Motion to Dismiss Plaintiff Prim Securities, Inc.'s Complaint for Damages and Declaratory Relief ("Motion to Dismiss" or "Motion") (**ECF No. 6**). Plaintiff Prim Securities, Inc. ("Prim Securities" or "Prim") brings this case against Defendants NASD Dispute Resolution ("NASD") and Edward Siegel pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Specifically, Prim seeks damages against Defendants arising from an arbitration award that was issued more than one year ago. Prim also seeks future injunctive relief against Defendants in the form of an order declaring the right of Prim Securities "to be free from having Siegel serve as an arbitrator in any NASD arbitration involving Prim in the future." *ECF No. 5* ("Am. Compl.") ¶ 9 . Because the Court concludes that it lacks subject matter jurisdiction over the case, the Motion to Dismiss is **GRANTED**.

**I.**

On June 5, 2002, an NASD arbitration proceeding was initiated entitled *The Bennett Partnership (Claimant) v. Prim Securities, Inc., Prim Advisors, and Navallier & Associates (Respondents)*, Case No. 02-03336. *Motion* at 3; *id.*, *Ex. A* ("Stavole Aff."), *Ex. 1* ("Arbitration Award"). The Bennett Partnership sought $125,000 in damages against Prim Securities and others for certain common stock investment losses it suffered. *Id.* On September 30, 2002, Prim Securities executed a Uniform Submission Agreement reflecting its stipulation to submit the claim to arbitration, to conduct such arbitration in accordance with NASD's Code of Arbitration Procedure, and to abide by and perform any award rendered pursuant to the Agreement. *Stavole Aff., Ex. 2* ("USA"). The three-member panel that heard the matter included Defendant Edward Siegel[1] – a member of the NASD panel of arbitrators with whom Prim Securities had prior business dealings. *Am. Compl.* ¶ 6.

With regard to these dealings, Prim Securities alleges that it and Siegel had in the past engaged in discussions relating to the business activities of Prim and Joseph Lombardo, a principal of Prim's parent company; however, Prim and Lombardo ultimately declined to do business with Siegel.[2] *Id.* ¶¶ 2, 5. Prim alleges that:

> [p]rior to the commencement of the proceedings, the representative of Prim, Mr. Anthony Delfre, specifically asked whether he had ever met Siegel or if he knew Siegel from prior business meetings. Siegel stated that he did not know Mr. Delfre or Prim. Further,

---

[1] Prim's pleadings and briefs refer to Edward Seigel as Edwin Siegal. The Court assumes that Defendants are using Siegel's correct name and spelling it properly, and will refer to him accordingly.

[2] Prim asserts that the subject business activities included prospective joint ventures between Siegel, Prim and Lombardo, as well as marketing of Siegel's legal services to Prim's clients. *ECF No. 8* ("Resp. Br.") at 2.

> Prim requested that Siegel recuse himself as an arbitrator in that
> proceeding since Siegel shared office space with the wife of the
> attorney for The Bennett Partnership. This relationship was not
> disclosed prior to the start of the proceedings.

*Id*. ¶ 6.³ Prim concludes that, "due to the prior relationships between Prim and Siegel, Siegel was, at the minimum, subject to the appearance of bias against Prim if not subject to actual bias against Prim," and "[t]hose dealings were such that they could have influenced Siegel's judgment regarding Prim." *Id.*

On January 31, 2005, the arbitration panel awarded damages against Prim in the amount of $35,000. *Arbitration Award at 2*. More than one year later, on February 10, 2006, Prim filed the instant federal declaratory judgment action. *ECF No. 1*. The Amended Complaint, filed on March 9, 2006, asks the Court to prohibit Siegel from serving as an arbiter in any future NASD arbitration involving Prim, to prohibit NASD from selecting Siegel to serve as an arbiter in any future NASD arbitration involving Prim, and to order the removal of Siegel from the list of NASD arbiters. *Am. Compl*. at 4-5. Prim also seeks damages "in an amount to be determined at trial but in no event less than Twenty Five Thousand Dollars ($25,000)" along with costs and reasonable attorney fees. *Id.*

On June 5, 2006, Defendants filed the instant Motion seeking dismissal of the Amended Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and

---

³On this issue, Defendants allege that all NASD arbitrators are independent contractors who are selected <u>by the parties</u> from a list of arbitrators randomly generated by the arbitration forum computer; that each panelist disclosed to the parties their potential conflicts of interest; that, following Siegel's disclosures, Prim Securities moved to remove Siegel from the panel based on his prior contacts with the Prim organization; and that the two panelists other than Siegel denied Prim's motion to remove Siegel from the panel after privately deliberating on the motion. *See Motion* at 2, 3. It is noteworthy that Prim did <u>not</u> challenge these allegations in its response memorandum.

under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *ECF No. 5*. The Court has reviewed the Motion, Prim's response memorandum, *ECF No. 8*, and Defendants' reply brief, *ECF No. 9*. Because the Court's subject matter jurisdiction is implicated, it will be addressed first.

## II.

### A.

According to the Amended Complaint, subject matter jurisdiction is conferred on the Court based on the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201. *Am. Compl.* ¶ 1. However, it is well-settled that the DJA – the only statute upon which Prim seeks relief – does not provide an independent basis for subject matter jurisdiction. *Heydon v. Mediaone of Southeast Michigan*, 327 F.3d 466, 470 (6th Cir. 2003) (citing *Skelly Oil Co. v. Phillips Petroleum*, 339 U.S. 667, 671-72 (1950)). A plaintiff bringing an action under § 2201 must establish either diversity jurisdiction or federal question jurisdiction before a district court can adjudicate the case. *Woodmen of the World/Omaha Woodmen Life Ins. Soc'y v. Scarbro*, 129 Fed. Appx. 194, 195 (6th Cir. Apr. 18, 2005). Moreover, the district court's decision to adjudicate a federal declaratory judgment case over which the court has subject matter jurisdiction is discretionary, not mandatory. *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004).

Here, the Court lacks diversity jurisdiction over the Amended Complaint because the parties are not diverse (i.e., Plaintiff Prim Securities is an Ohio corporation and Defendant Edward Siegel is a citizen of Ohio). *Am. Compl.* ¶¶ 2, 3. The Court lacks federal question jurisdiction over the Amended Complaint because it fails to allege the violation of a federal

statute. Because the Court lacks subject matter jurisdiction over the case, the Court need not decide whether to exercise its discretion to adjudicate it.

**B.**

In the response memorandum, Prim Securities claims that the Court has federal question jurisdiction over the Amended Complaint based on the following argument.

> The Federal Arbitration Act, 9 U.S.C. Sections 1 et seq. assures to parties to arbitration proceedings that claims will be heard and decided by <u>impartial</u> arbitrators. The statutory impartiality mandate carries with it a duty upon the arbitrator to make full disclosure.
> ". . . partiality is established when arbitrators fail to disclose any relationships that might create an impression of possible bias."
> **Crow Construction Company v. Jeffrey M. Brown Associates, Inc.**, 264 F.Supp.2d 217, 221 (E.D. Pa. 2003).
>
> **See also Sanko S.S. Co. Ltd. v. Cook Industries, Inc.**, 495 F.2d 1260 (2nd Cir. 1973). The Amended Complaint here, the sole source of facts to be used by this Court in deciding this Rule 12(b)(6) dismissal request, details instances in which Siegel failed to make required disclosures prior to the commencement of an arbitration proceeding involving Prim. Prim's Amended Complaint read in the light most favorable to Prim shows that Siegel has not acted as an impartial arbitrator. Thus Prim's Amended Complaint alleges a clear violation of the Federal Arbitration Act. Prim's request for declaratory relief is an effort to validate its rights under federal law. Prim is seeking a declaration of its right pursuant to the Federal Arbitration Act to avoid being subjected to the partial Siegel in any future arbitration proceedings.

*ECF No. 8* at 6-7. This argument lacks merit.

As with the DJA, the Federal Arbitration Act ("FAA"), 9 U.S.C. §§1 *et seq.*, alone does not create subject matter jurisdiction in federal court. *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) (citing *Ford v. Hamilton Invs., Inc.*, 29 F.3d 255, 257 (6th Cir. 1994); *American Fed. or Television and Radio Artists, AFL-CIO v. WJBK-TV (New World*

*Communications of Detroit, Inc.*), 164 F.3d 1004, 1007 (6th Cir. 1999). "Merely referring to a federal statute . . . does not establish federal jurisdiction if the dispute does not involve 'a substantial question of federal law.'" *New World Communications*, 164 F.3d at 1007 (quoting *Ford*, 29 F.3d at 258, in turn citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 28 (1983)). *See also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32 (1983) (holding that the FAA "creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331" or otherwise); *Ford*, 164 F.3d at 1007-08 (the federal nature of the underlying claims submitted to arbitration does not confer federal question jurisdiction over a suit to confirm an arbitration award since the rights asserted are actually based on the contract to arbitrate rather than on the underlying substantive claims.)

       In *Green*, the Sixth Circuit held that the district court had subject matter jurisdiction over a motion to vacate an arbitration award because it had diversity jurisdiction over the complaint, and because the arbitration agreement expressly recognized the district court's subject matter jurisdiction with regard to enforcement of and challenges to the arbitration award.[4] 200 F.3d 967, 973. In the instant case, Prim Securities has filed no motion to vacate the arbitration award, the Court does not have diversity jurisdiction over the complaint, and the parties to the arbitration agreement stipulated only that a judgment "may be entered upon such award(s), and, for these purposes, the undersigned parties hereby voluntarily consent to submit to

---

[4]Specifically, the arbitration agreement in *Green* provided that "[t]he award of the arbitrator shall be considered final and binding and judgment upon the award may be entered in the United States District Court for the Eastern District of Michigan, Southern Division. Any challenge to the award shall be made only for the reasons enumerated in section 10 of the Federal Arbitration Act. . . ." 200 F.3d at 973

the jurisdiction of any court of competent jurisdiction which may properly enter such judgment." *USA* ¶ 4. No federal question jurisdiction having been established, the Court lacks subject matter jurisdiction over the Amended Complaint based on Prim's references to the FAA in its response memorandum.

## C.

Although Prim purports to bring its action for damages and injunctive relief under the DJA, sections 10 through 12 of the FAA provide the <u>exclusive</u> remedy for challenging acts that taint an arbitration award. *Corey v. NYSE*, 691 F.2d 1205, 1211-12 (6th Cir. 1982); *Decker v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 205 F.3d 906 (6th Cir. 2000). The Sixth Circuit has held that the scope of judicial review is limited by these provisions. *Corey*, 691 F.2d at 1212. As is relevant to the instant case, §10 of the Act provides that an arbitration award may be vacated upon motion if the award results from "evident partiality" on the part of the arbiters. 9 U.S.C. §10(a)(2). Section 12 of the Act requires that notice of a motion to vacate an award must be served on the adverse party or its attorney within three months after the award has been issued. 9 U.S.C. § 12. Failure to comply with the three-month limitations period forfeits the right to judicial review of the award. *Corey*, 691 F.2d at 1212 (citations omitted).

Prim is not challenging Siegel's alleged partiality as an arbiter in a motion to vacate under § 10 of the FAA; rather, it is doing so under the Declaratory Judgment Act. Complaints filed in federal court alleging injury and seeking damages based on conduct that compromised an arbitration award have been deemed impermissible collateral attacks on those

awards.[5] *Corey*, 691 F.2d at 1211-12; *Decker*, 205 F.3d at 909-910. *See also ANR Coal Co., Inc. v. Cogentrix of North Carolina, Inc.*, 173 F.3d 493, 497 (4th Cir.1999) (aggrieved parties may not circumvent the FAA by packaging a motion to vacate as a fresh complaint). Even if the Court could construe the Amended Complaint as a motion to vacate, such motion would be dismissed as untimely because it was neither served upon the adverse party or his counsel, nor filed, within three months after the award was delivered.[6] *See* 9 U.S.C. § 12; *Seacoast Motors of Salisbury, Inc., v. DaimlerChrysler Motors Corp.*, 271 F.3d 6, 8 (1st Cir. 2001); *Real Color Displays, Inc. v. Universal Applied Tech. Corp.*, No. 97-1212, 1998 WL 764711, at *1 (4th Cir. Oct. 30, 1998)*; Sverdrup Corp. v. WHC Constructors, Inc.*, 989 F.2d 148, 151 (4th Cir. 1993). *Cf. Eidi v. Kidder, Peabody & Co., Inc.*, No. 90-3697, 1991 WL 66054, at *1 (6th Cir. Apr. 29, 1991) (finding motion to vacate arbitration award time-barred because it was not served within the three-month limitation period established by analogous state statute, O.R.C. 2711.13). Evidently dissatisfied with the outcome of the arbitration and barred by the controlling three-month limitations statute, Prim's lawsuit, filed more than one year after the issuance of the adverse arbitration award, appears to be nothing more than an improper attempt to challenge or overturn that award.

**D.**

Finally, there is yet another, more important (and obvious) reason why the Court does not have subject matter jurisdiction over the Amended Complaint. "Federal jurisdiction is

---

[5]Moreover, the doctrine of arbitral immunity bars any claim for monetary damages against these Defendants. *See Corey*, 691 F.2d at 1209-11.

[6]There is no basis for equitably tolling the three-month period since Prim was aware of the potential conflict at the time of the hearing. *See Arbitration Award* at 2.

limited to actual cases or controversies." *Sankyo Corp. v. Nakamura Trading Corp.*, 139 Fed. Appx. 648, 650 (6th Cir. Mar. 15, 2005) (citing *North Am. Natural Resources, Inc. v. Strand*, 252 F.3d 808, 812 (6th Cir. 2001)). This jurisdictional prerequisite is firmly rooted in Article III of the United States Constitution which provides, in pertinent part, that "[t]he judicial power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties . . . [and] to Controversies. . .." *Id.* (quoting U.S. Const., Art. III, sec. 2, cl. 1.) The "case or controversy" requirement prevents federal courts from rendering advisory opinions or considering hypothetical questions. *Id.* (citations omitted). The basic inquiry in determining whether a complaint alleges a hypothetical question or a case or controversy is whether "the conflicting contentions of the parties . . . present a real, substantial controversy between the parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract. *Id.* (citations omitted).

The Declaratory Judgment Act provides that, in "a case of actual controversy within its jurisdiction," a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "When a party seeks injunctive relief in addition to declaratory relief, the requirement of an 'actual controversy' under the Declaratory Judgment Act is identical to the 'case or controversy' requirement of Article III." *Sankyo*, 139 Fed. Appx. at 650 (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40 (1937)). *See also Kardules v. City of Columbus*, 95 F.3d 1335, 1343-44 (6th Cir. 1996). Thus, to satisfy the case or controversy requirement under the DJA, the dispute must "be definite and concrete" and must allow for "specific relief

through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts." *Id*. (quoting *Haworth*, 300 U.S. at 240- 41).

It is undisputed that Prim is not a party to an arbitration proceeding that is currently awaiting selection of panel members, and Prim does not assert that it anticipates being a party to an arbitration proceeding in the foreseeable future. *See Stavole Aff.* ¶ 4. Defendants claim that, by virtue of the instant action between the parties alone, Defendant Siegel will be barred from any future appointment to a NASD panel in an arbitration involving Prim. Prim does not dispute this assertion. The Court finds that Prim's request for injunctive relief based on hypothetical future events amounts to nothing more than a request for an advisory opinion. Because there is no actual case or controversy at stake, the Court concludes that it lacks subject matter jurisdiction over this action – regardless of whether the action is brought under the Declaratory Judgment Act, the Federal Arbitration Act, or any other federal statute.

## III.

For all these reasons, Defendants NASD Dispute Resolution, Inc.'s and Edward Siegel's Motion to Dismiss Plaintiff Prim Securities, Inc.'s Complaint for Damages and Declaratory Relief (**ECF No. 6**) is hereby **GRANTED** and the case is dismissed.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     September 8, 2006*
**Dan Aaron Polster**
**United States District Judge**